```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                CORPUS CHRISTI DIVISION
```

|  |  |  |
|---|---|---|
| HOUSTON DURRILL LAND, LTD., | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. C-05-244 |
| | § | |
| YELLOW TRANSPORTATION, INC., | § | |
| | § | |
|     Defendant. | § | |

**ORDER OF REMAND**

On this day came on to be considered Plaintiff's Motion to Remand. For the reasons discussed below, the Motion to Remand is GRANTED and the above-styled action is REMANDED pursuant to 28 U.S.C. § 1447(c) to the 148th Judicial District Court of Nueces County, Texas, where it was originally filed and assigned Cause Number 04-4852-E.

**I.   Discussion**

On September 14, 2004, Plaintiff Houston Durrill Land, Ltd. (a Texas limited partnership with its principal place of business in Texas) sued Defendant Yellow Transportation, Inc. (an Indiana corporation with its principal place of business in Kansas) in state court, seeking an unspecified amount of rent for an unspecified amount of time pursuant to a 1982 Commercial Lease Agreement.

On May 13, 2005, Defendant removed the case to this Court, alleging that the action became removable on the grounds of

diversity jurisdiction on April 19, 2005, when Defendant received a copy of Plaintiff's Supplemental Responses to Defendant's Request for Disclosure ("Supplemental Responses"), which, Defendant alleges, proves that the amount in controversy exceeds $75,000. Plaintiff subsequently moved to remand the action, contending that the amount in controversy does not exceed $75,000.

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject-matter jurisdiction. See 28 U.S.C. § 1441(a). The removing party--as the party seeking the federal forum--bears the burden of showing that federal jurisdiction exists and that removal was proper. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id. (citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.")).

Defendant removed this case pursuant to 28 U.S.C. § 1441, asserting diversity subject-matter jurisdiction under 28 U.S.C. § 1332. Therefore, whether this Court has subject-matter jurisdiction depends upon whether the Plaintiffs' claims satisfy the two requirements for diversity jurisdiction: (1) the complete diversity of citizenship requirement; and (2) the $75,000 amount-in-controversy requirement. See 28 U.S.C. § 1332(a). At issue

here is whether the $75,000 amount-in-controversy requirement is satisfied.

"Where ... the petition does not include a specific monetary demand, [the defendant] must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." Manguno, 276 F.3d at 723 (citation omitted).  Here, Plaintiff's Original Petition does not contain a specific monetary demand--as noted above, Plaintiff demands an unspecified amount of rent for an unspecified amount of time pursuant to the Commercial Lease Agreement.

Defendant attempts to meet its burden of establishing that the amount-in-controversy requirement exceeds $75,000 by submitting a single piece of evidence, Plaintiff's Supplemental Responses.  In those Responses, Plaintiff responds to a request for "the amount and any method of calculating economic damages" with the following: "Adjusted rent from 1988 to the year 2004: $110,725.51." (Supplemental Responses at 2.)  However, Defendant neglects to mention Plaintiff's immediately preceding response: "Under the Lease Agreement, Plaintiff is allowed to retroactively escalate rent and demand payment.  Plaintiff is seeking a four year recovery

under that Lease Agreement."[1]  (Supplemental Responses at 2 (emphasis added).)

In its Motion to Remand, Plaintiff asserts that these two responses, taken together, show that Plaintiff is seeking less than $75,000.  But in order to necessitate remand, it is not necessary for the Court to affirmatively find that Plaintiff is seeking less than $75,000–-it is sufficient for the matter to be ambiguous.  Plaintiff's Supplemental Responses merely state that Plaintiff is seeking rent for a four-year period within a sixteen-year time frame.  During the sixteen-year time frame, Plaintiff claims $110,725.51 is due.  It is far from clear that for any four-year period within that time frame, the claimed damages would exceed $75,000.  Thus, the amount in controversy is ambiguous, and "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno, 276 F.3d at 723 (5th Cir. 2002) (citing Acuna, 200 F.3d at 339). Therefore, the Court must remand this action pursuant to 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

---

[1] It is worth noting that Plaintiff is precluded from recovering rent for any more than four years because of Texas' four-year statute of limitations for breach-of-contract actions. See Stine v. Stewart, 80 S.W.3d 586, 592 (Tex. 2002); see also Tex. Civ. Prac. & Rem. Code § 16.051.

**II.  Conclusion**

For the reasons discussed above, Plaintiff's Motion to Remand is GRANTED and this action is REMANDED to the 148th Judicial District Court of Nueces County, Texas, where it was originally filed and assigned Cause Number 04-4852-E.

SIGNED and ENTERED this 11th day of July, 2005.

_____
Janis Graham Jack
United States District Judge